LOTTINGER, Judge.
This suit was brought by petitioners, Clarence Betz and his wife, against defendant, Maison Coteau, Inc. for damages and a permanent injunction. The defendant, Maison Coteau, Inc., third parties its contractor, Craftsman Construction Corporation. The Lower Court rendered judgment in favor of defendant and dismissed petitioners’ action. Petitioners have taken this appeal.
The basis of petitioners’ complaint is that during the construction by defendant of an apartment complex on property adjoining that of petitioners, the defendant caused a retaining wall to be built and filled dirt behind it and over the height of the wall, which dirt washed and eroded onto petitioners’ property resulting in damages to their house, yard and shrubbery. The petitioners contend that the defendant was negligent in the construction activity and is, accordingly, liable for damages. The defendant, owner of the apartments, has denied any wrong doing and further filed a third party demand against the contractor who erected the apartments and its surety.
The facts, as found by the Lower Court, are as follows:
“It appears that the petitioners, Clarence Betz and his wife, Mabel Betz, have resided at their home at 1358 Glazier Street for approximately 26 years. During 1965 Maison Coteau, Inc. acquired *374 the property immediately to the south of Betz’ property and commenced to grade the property for the proposed apartments. At this juncture it is important to note that before the improvements were constructed on this tract of land it was substantially higher than the adjoining Betz’s property. Mr. Toxie Craft, a surveyor who prepared a topographical map immediately prior to construction, stated the survey showed that drainage of water from the Maison Coteau property ran north and toward the Betz property. In addition, he observed that Glazier Street, while substantially lower than the Maison Coteau property was in fact higher than Betz’s property. Most of the witnesses who testified, acknowledged that prior to construction, Glazier Street was about a foot higher in elevation than Betz’s abutting lot. As such, the property owned by Betz has always occupied a natural pocket, subject to flooding.
It appears that the contractor, Craftsman Construction Corporation, graded the property supplementing it with dirt fill and constructed a retaining wall on the north boundary of the property adjoining Betz’s south line. Thereafter a parking lot was paved in this area with the paved grade sloping into Glazier Street. Consequently water now flows from the parking lot into Glazier Street instead of toward Betz’s property, but on an accelerated basis.
The evidence submitted to the Court indicates that during construction of the parking lot and other improvements there was some erosion of fresh dirt which did in fact ultimately spill onto the lot occupied by the petitioners. Nevertheless, photographs filed in the record which were taken during the period of construction (Exhibits D-ll, D-12, D-14 and D-1S), fail to demonstrate any appreciable degree of spillage of dirt or other debris which would warrant a valid complaint.
Essentially, petitioners’ complaint, as evidenced by both their original petition and amending petition, is based on the alleged negligence of the defendant in constructing the retaining wall and therefore sounds in tort. However, in argument and by citation counsel for the petitioners attempt to recover under the provisions of LSA-C.C. Art. 667 providing that a proprietor may not do work on his property which will deprive his neighbor of the use and enjoyment of his property, or which may cause damage to him. This article, of course, does not require proof of negligence. Counsel for the defendant strenuously objects to the application of this article in that no allegation or reference was made in plaintiffs’ petition indicating the intended application of the article.
The court is of .the opinion that whether the petitioners are granted the opportunity of proceeding either under the theory of negligence or under the provisions of Article 667, the evidence is insufficient to establish recovery. There can be no question that the defendant did change the physical characteristics of its land and did in fact accelerate the run off of rain water by the construction of its improvements; however, the water was diverted into Glazier Street instead of directly onto Betz’s property. It is because of the natural depression of his lot that most of his difficulties have arisen. It is the court’s belief that if the plaintiffs have suffered any damages because of the construction of improvements on the defendant’s property they fall in the category of damnum absque injuria, i. e. the loss is not sufficient to warrant legal redress.”
The records disclose that the house of the petitioners is a shack of many years of age. From these pictures there has been apparently little if any maintenance to this house and from the pictures of the back yard, which resembled an unkept junk yard, we feel that the Lower Court was certainly justified in finding that the peti *375 tioners never had a flower bed nor shrubbery in their yard adjoining the apartment complex.
We concur with the findings of the Lower Court to the effect that the petitioners have failed to prove their demand and, accordingly, the judgment below will be affirmed. All costs of this appeal shall be paid by petitioners.
Judgment affirmed.